

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

January 18, 2017

The Honorable Joseph C. Pickett
Chair, Committee on Transportation
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0129

Re: Administration and procedures related to motor vehicle registration (RQ-0119-KP)

Dear Representative Pickett:

You ask several questions concerning the relative authority of the Department of Motor Vehicles ("Department") and county assessor-collectors with regard to providing vehicle registration services.[1] Texas law requires that within thirty days of purchasing a vehicle or becoming a Texas resident, the owner of a motor vehicle must apply for the registration of the vehicle. TEX. TRANSP. CODE § 502.040(a). Chapters 502 and 520 of the Transportation Code establish procedures for the registration of vehicles in Texas, assigning various responsibilities to the Department and to county assessor-collectors. *See id.* §§ 502.001–.492, 520.001–.0093. Answering your questions first requires a review of the relevant statutes addressing both parties.

The Legislature has given the Department "jurisdiction over the registration and titling of . . . motor vehicles in compliance with the applicable statutes." *Id.* § 520.004. The Department may adopt rules to administer chapters 502 and 520 of the Transportation Code, relating to vehicle registration. *Id.* §§ 502.0021(a), 520.003(a). Alongside this general authority, the Legislature has tasked the Department with a number of specific responsibilities. For example, section 502.040 requires that the Department establish the method and process for making an application for registration. *Id.* § 502.040(b) ("The application must be . . . made in a manner prescribed by the [D]epartment."). The Department must "post forms on the Internet and provide each county assessor-collector with a sufficient supply of any necessary forms on request." *Id.* § 502.0021(b). It must prepare the designs and specifications for the registration insignia, designate a registration period, and "issue a registration receipt and registration insignia that are valid until the expiration of the designated period." *Id.* §§ 502.00211, .044(c)–(d). By rule, the Department "may provide for the use of an automated registration process, including: (1) the automated on-site production of registration insignia; and (2) automated on-premises and off-premises self-service registration." *Id.* § 502.059(d).

---

[1]*See* Letter from Honorable Joseph C. Pickett, Chair, House Comm. on Transp., to Honorable Ken Paxton, Tex. Att'y Gen., at 1 (July 22, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

The Legislature has also involved county assessor-collectors in the vehicle registration process. An applicant for registration must generally make the application "through the county assessor-collector of the county in which the owner resides." *Id.* § 502.040(b)(1). "Each county assessor-collector shall process a registration renewal through an online system designated by the [D]epartment." *Id.* § 520.005(d). The county assessor-collector reviews the documentation submitted along with an application and rejects or accepts that documentation. *See, e.g., id.* §§ 502.043(c-1) ("A county assessor-collector shall accept a receipt or evidence provided under Subsection (c) as an application for renewal of the registration if the receipt or evidence indicates the applicant owns the vehicle."), .046(b) ("The county assessor-collector shall examine the evidence of financial responsibility to determine whether it complies" with the statutory requirements.).

The Department and county assessor-collectors also have some related and overlapping responsibilities. For example, Department officers and employees and county assessor-collectors or their deputies are all authorized to collect registration fees. *Id.* § 502.191(a). And both the Department and county assessor-collectors may register a vehicle or "may refuse to register a motor vehicle" upon receiving information that the owner of the vehicle owes money to the county or is a habitual toll violator. *Id.* §§ 502.010(a)(1), .011(a).[2] The Department is required to "provide services that are reasonable, adequate, and efficient" and to "establish standards for uniformity and service quality for counties . . . ." *Id.* § 520.004(1)–(2). Considering this framework established in the Transportation Code, we address your specific questions.

You first ask what the term "registration services" means as used in subsection 520.0071(b). Request Letter at 1–2. Subsection 520.0071(b) of the Transportation Code authorizes a county assessor-collector to "deputize an individual or business entity to perform . . . *registration services* in accordance with rules adopted" by the Board of the Department. TEX. TRANSP. CODE § 520.0071(b) (emphasis added). The term "registration services" is not defined within the Transportation Code. However, the Legislature has expressly required the Board of the Department (the "Board") to prescribe the duties and obligations of deputy county assessor-collectors who perform registration duties. *Id.* § 520.0071(a)(2). Thus, "registration services" as used in section 520.0071 include those services that, consistent with the relevant statutes, the Board of the Department delegates by rule to the deputy county assessor-collectors.

You also ask about the meaning of the phrase "process a registration renewal" as used in subsection 520.005(d). Request Letter at 1–2. Subsection 520.005(d) requires a county assessor-collector to "process a registration renewal through an online system designated by the [D]epartment." TEX. TRANSP. CODE § 520.005(d). The term "process" is likewise not defined in the statutes; however, a common understanding of the verb "process" is to "deal with (someone) using an official and established procedure." NEW OXFORD AMERICAN DICTIONARY 1392 (3d ed. 2010); *see Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (using dictionary definitions to determine the common meaning of a word). Thus, processing a renewal would

---

[2]"A county may contract with the [D]epartment to provide information to the [D]epartment necessary to make a determination" about whether the owner of a vehicle owes the county money such that registration could be refused. TEX. TRANSP. CODE § 502.010(b).

involve working with a vehicle registrant and following the procedures established by the Department to register vehicles.

You next ask whether the Department has authority to provide general registration services. Request Letter at 1–2. Your question implies that because a county assessor-collector has authority to perform registration services, the Department may not have such authority. *Id.* at 2. However, while the Board of the Department has authority to assign registration services to deputy county assessor-collectors under section 520.0071, nothing in that provision suggests that the Department is prohibited from providing registration services that it has not delegated pursuant to that provision. *See* TEX. TRANSP. CODE § 520.0071. As previously discussed, analyzing the relevant Transportation Code provisions as a whole indicates that the Legislature intended both the Department and the county assessor-collectors to provide various registration services. *See In re Ford Motor Co.*, 442 S.W.3d 265, 280 (Tex. 2014) ("In determining a statute's meaning, we consider statutes as a whole rather than their isolated provisions." (quotation marks omitted)). Whether a specific registration service belongs to the Department, the county assessor-collectors, or both will require analyzing the applicable statute in the Transportation Code and any relevant Department rules.

You also ask whether the Department has express or implied authority to print and mail registration insignia or to contract with a vendor to perform those actions. Request Letter at 1–2.[3] You tell us that "[s]pecific statutory authority to print and mail registration insignia is not expressly granted to any entity in the Transportation Code." *Id.* at 2. However, the Legislature requires that the Department "*issue* a registration receipt and registration insignia." TEX. TRANSP. CODE § 502.044(d) (emphasis added); *see also id.* § 502.197(c) (authorizing the Department to adopt rules addressing the "issuance of registration receipts and insignia by mail"). A common understanding of the verb "issue" is to "send out or distribute officially." BLACK'S LAW DICTIONARY 908 (9th ed. 2009). Necessary steps in the process of issuing or distributing registration insignia would include printing and mailing the insignia. Thus, the Department has statutory authority to print and mail registration insignia.

You next ask whether the Department has authority to contract with a vendor to perform the printing and mailing of registration insignia. Request Letter at 2–3. You note that the Department is expressly authorized to "enter into a contract with a private vendor to produce and distribute motor vehicle registration renewal notices." TEX. TRANSP. CODE § 502.1515; Request Letter at 3. You also point out that the Department has no similar express authority to contract with a private vendor to print and mail registration insignia for online registration. Request Letter at 1, 3. However, the Department "may authorize a business entity to perform a [D]epartment function in accordance with rules adopted" by the Board of the Department. TEX. TRANSP. CODE § 1001.013(a). Because Department functions include issuing registration insignia, subsection 1001.013(a) authorizes the Department to contract with a business entity to perform that function if the Board adopts rules authorizing the Department to do so. *See id.* § 502.044(d). Whether any

---

[3]The Department's current rules on registration renewals made online require the county assessor-collector to "mail renewal registration validation stickers." 43 TEX. ADMIN. CODE § 217.29(f)(5), (h) (2016) (Tex. Dep't of Motor Vehicles, Vehicle Registration Renewals via Internet).

specific contract that the Department enters into complies with the Transportation Code and any other relevant procurement statutes would have to be analyzed separately. This office does not construe or approve specific contracts through the opinions process. Tex. Att'y Gen. Op. No. KP-0099 (2016) at 1.

In your final question, you ask whether a Department contract with a private vendor to perform registration services or to print and mail registration insignia would require the contractor to work with or be approved by a county. Request Letter at 1, 3. As discussed previously, the Department has general "jurisdiction over the registration and titling of . . . motor vehicles in compliance with the applicable statutes." TEX. TRANSP. CODE § 520.004. We find no current statute within the Transportation Code that requires the Department to seek county approval before entering into a contract with a private vendor to perform a Department function. While the Legislature has allocated responsibility to both the Department and the county assessor-collectors to provide various registration services, no provision in the Transportation Code confers mandatory duties exclusively upon counties that extend beyond the Department's jurisdiction over registration. *See id.* § 502.040(b) (requiring that applications for registration generally be made through the county assessor-collector "in a manner prescribed by the [D]epartment"). Depending on the terms of the contract and the specific functions delegated to the private vendor, it is possible that the vendor and the county would need to work together in the performance of registration services.

## S U M M A R Y

Under chapters 502 and 520 of the Transportation Code, both the Department of Motor Vehicles and county assessor-collectors provide various motor vehicle registration services.

Pursuant to section 502.044 of the Transportation Code, the Department has statutory authority to print and mail registration insignia.

Section 1001.013 of the Transportation Code authorizes the Department to contract with a business entity to perform a Department function, including issuing registration insignia.

No statute of which we are aware requires the Department to seek county approval before entering into a contract with a private vendor to perform a Department function.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee