**Petition for writ of mandamus denied and Opinion filed July 3, 2025**



# Fifteenth Court of Appeals

---

### NO. 15-25-00019-CV

---

**IN RE T. BENTLY DURANT; THOMAS R. DURANT; THE DURANT CLASSIC DYNASTY TRUST; MICHAEL A. WARD; 8100 PARTNERS, LTD.; 8100 MANAGEMENT LLC; 8705 PARTNERS, LTD.; 8705 MANAGEMENT LLC; CLASSIC CHEVROLET SUGAR LAND LLC; CLASSIC CHEVROLET WEST HOUSTON, LLC; CLASSIC ELITE BUICK GMC, INC.; AND 16835 CADET PARTNERS, LLC, Relators**

---

**Original Proceeding from the Business Court Division 11A**
**Trial Court Cause No. 25-BC11A-0001**

---

# OPINION

This original proceeding challenges an order by the Business Court remanding to the district court a civil action commenced before September 1, 2024. The bill that created the Business Court provides that the "changes in law made by this Act apply to civil *actions* commenced on or after September 1, 2024."[1] This Court has

---

[1] Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 8 (emphasis added).

held that actions transferred to the Business Court must be remanded if they "commenced" in another court before that date. *See In re ETC Field Servs., LLC*, 707 S.W.3d 924, 930 (Tex. App. (15 Dist.) Feb. 21, 2025, orig. proceeding). The issue in this case is whether "action" refers to an individual "claim" (so each claim is "commenced" on a different day) or to the entire lawsuit. Because we conclude that "action" refers to the entire lawsuit, we hold that the 2023 business court law does not apply, and the court below did not abuse its discretion by remanding it.

## Background

On July 11, 2024, Tiffany Sebastian filed a petition in the 387th District Court of Fort Bend County seeking a divorce from her husband Jeff (collectively, "the Sebastians"). At the time, the Sebastians worked for and owned interests in Classic Chevrolet Sugar Land, Classic Chevrolet West Houston, Classic Elite Buick BMC, and 16835 Cadet Partners, LLC (collectively, "Classic"). The remaining parties—T. Bentley Durant, Thomas Durant, the Durant Classic Dynasty Trust, Michael A. Ward, 8100 Partners, Ltd.; 8100 Management LLC; 8705 Partners, Ltd.; and 8705 Management LLC (collectively, "the Durants")—also own interests in Classic. Shortly after Tiffany filed for divorce, the Durants purported to fire the Sebastians and demanded that they relinquish their ownership interests for what the Sebastians allege is an artificially reduced price.

On September 18, 2024, Jeff filed a counterpetition for divorce adding Classic as co-respondents but not asserting claims against them. In December of 2024, the Sebastians filed a joint third-party petition asserting derivative claims on Classic's behalf against the Durants. They alleged causes of action for breach of fiduciary duty, breach of contract, conversion, money had and received, tortious interference with a contract, fraud by misrepresentation, and fraudulent transfer.

2

Less than a month later, Classic and the Durants filed a notice of removal of the latter claims to the Business Court. Jeff, later joined by Tiffany, moved to remand on the basis that the Business Court lacks jurisdiction because Tiffany commenced the divorce action before September 1, 2024. The Business Court agreed and remanded the case.[2] This original proceeding ensued.

## Analysis

House Bill 19 created a new statewide Business Court as of September 1, 2024.[3] The Act provided for removal of actions pending in a local trial court to the Business Court, to be accomplished by filing a notice of removal in both courts within 30 days after discovery of facts establishing the Business Court's jurisdiction.[4] The action would then "immediately" be transferred to the Business Court and assigned to the appropriate division of that court.[5]

While the effective date of the Act was September 1, 2023,[6] the Business Court itself was not actually created until September 1, 2024.[7] So Section 8 of the Act provides, "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024."[8] This Court recently considered whether a civil action filed in a local trial court in 2017 could properly be removed to the Business Court after that date.[9] We explained in *ETC* that "commence" means

---

[2]     *Sebastian v. Durant*, 707 S.W.3d 124 (Tex. Bus. Ct. 2025).

[3]     Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 5.

[4]     TEX. GOV'T CODE § 25A.006(d), (f).

[5]     *Id.* § 25A.006(g).

[6]     Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 9.

[7]     *Id.* § 5.

[8]     *Id.* §§ 8, 9.

[9]     *In re ETC Field Servs.,* 707 S.W.3d at 925.

to "begin" or "start," and the rules of procedures use the term "in the precise context of starting a new lawsuit: 'A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk.'"[10] Thus, the civil action there commenced with the filing of the original petition in Tarrant County district court in 2017.[11] Its removal to the Business Court seven years later "did not commence a new civil action but continued the previous one in a different court."[12]

The Legislature is deemed to have been aware of *ETC* when it when it made several amendments to Chapter 25A in the recently concluded 89th Regular Session.[13] But rather than abrogate it, the Legislature created a work-around when everyone is able to agree. With the addition of Section 25A.021 (effective September 1, 2025), civil actions that were "commenced before September 1, 2024" and that are "within the jurisdiction of the business court" may now be transferred there "on an agreed motion of a party and permission of the business court."[14] But absent an agreement and permission, House Bill 40 does not change the question before us: whether the underlying action commenced before September 1, 2024.[15]

Relators argue that *ETC* does not control because some of the claims here were not added until after September 1, 2024. They argue that they should have been able to remove only the commercial claims to the Business Court, thereby creating

---

[10]    *Id.* at 926 (quoting TEX. R. CIV. P. 22).

[11]    *Id.*

[12]    *Id.*

[13]    *See Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 748 (Tex. 2012) ("[O]nce appellate courts construe a statute and the Legislature re-enacts or codifies that statute without substantial change, we presume that the Legislature has adopted the judicial interpretation.").

[14]    Act of June 1, 2025, 89th Leg., R.S., H.B. 40, § 56, sec. 25A.021(a).

[15]    In the penultimate section of the Act (House Bill 40), the Legislature once again provided that "the changes in law made by this Act apply only to civil actions commenced on or after September 1, 2024." *Id.* § 72.

a lawsuit that did not commence until after September 1, 2024. For this argument to work, "action" as it is used in the removal provision must "refer to a claim or claims" rather than the entire lawsuit. The Business Court disagreed, concluding that "action" refers to the "entire lawsuit" rather than an individual claim or claims.[16] If that is correct, the "civil action" here commenced when Tiffany sued for divorce in July 2024.[17]

The Act does not define "action," so we use the "plain and ordinary meaning of the term and interpret it within the context of the statute."[18] We often start with a term's dictionary definition and then "consider the term's usage in other statutes, court decisions, and similar authorities."[19] The dictionary definition of "action" is "a civil or criminal judicial proceeding; esp., Lawsuit."[20] The Supreme Court of Texas has said the term is "generally synonymous with 'suit,' which is a demand of one's rights in court."[21] More specifically, *action* refers to "an entire lawsuit or cause or proceeding, not to discrete 'claims' or 'causes of action' asserted within a suit, cause, or proceeding."[22] The common meaning of claim is "the aggregate of operative facts

---

[16]     *Sebastian*, 707 S.W.3d at 127.

[17]     *See id.* at 128–29.

[18]     *Tex. Health & Hum. Servs. Comm'n v. Estate of Burt*, 689 S.W.3d 274, 280 (Tex. 2024) (citing *Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021)).

[19]     *Tex. State Bd. of Exam'rs of Marriage & Fam. Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 35 (Tex. 2017).

[20]     *Action*, BLACK'S LAW DICTIONARY 36 (12th ed. 2024).

[21]     *Office of the Att'y Gen. of Tex. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017) (quoting *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995)).

[22]     *Id.* (quoting *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563–64 (Tex. 2014) (plurality op.)); *see Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 815 (Tex. 2021).

giving rise to a right enforceable by a court."[23] The Legislature used "action"[24] and "claim"[25] throughout the statute. We presume the Legislature used both words advisedly and intended them to bear different meanings.[26]

Relators argue that this interpretation conflicts with § 25A.004(f) governing supplemental jurisdiction, which they say gives any party the right to "a *de facto* unilateral severance" of claims that belong in the Business Court (and "may proceed" there) from those that do not (and "may proceed in a court of original jurisdiction"). But nothing in the original or amended chapter 25A purports to make such a right effective for actions commenced before September 1, 2024.

Because the removed claims here are part of a "civil action" filed before September 1, 2024, Texas law did not allow all or part of it to be removed to the Business Court. Thus, the Business Court did not abuse its discretion by remanding the case, and the petition for mandamus relief is denied.[27]

## Conclusion

For the reasons stated above, we conclude that "action" refers to the entire lawsuit—not individual claims or causes of action—so Relators have no right of removal absent agreement of the parties.

---

[23]     *Jaster*, 438 S.W.3d at 564

[24]     *See, e.g.*, TEX. GOV'T CODE §§ 25A.004(b); .006(a), (d), (f); .015(a).

[25]     *See id.* § 25A.004(b)(3), (e), (f).

[26]     *See Malouf v. State ex rels. Ellis*, 694 S.W.3d 712, 727 (Tex. 2024) ("[W]e generally presume the Legislature uses the same word consistently throughout a statute and uses different words to convey different meanings.").

[27]     *See In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding). We lift the stay imposed by our order of February 21, 2025, and dismiss the motion to reconsider as moot.

_____
Scott Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.