**Affirmed in part; Reverse and Remand and Opinion Filed July 25, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00713-CV

**HYDROTECH ENGINEERING, INC. AND SWABACK PARTNERS, PLLC, Appellants**
**V.**
**OMP DEVELOPMENT, LLC., ICI CONSTRUCTION, INC., PAVECON COMMERCIAL CONCRETE, LTD., G&D POOL & SPA, INC., H.E. JONES & COMPANY, INC. d/b/a LASTING IMPRESSIONS LANDSCAPE, AND 2600 MONTGOMERY, LLC, Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-05103-A**

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

This consolidated interlocutory appeal concerns alleged defects in a commercial construction project and the question of whether cross-claimants and third-party plaintiffs seeking contribution or indemnity in suits against licensed or registered professionals are obligated to comply with the certificate of merit requirement prescribed by Chapter 150 of the civil practice and remedies code. Appellants Hydrotech Engineering, Inc. ("Hydrotech") and Swaback Partners, PLLC ("Swaback") (together, "Appellants") assert that third-party plaintiffs and cross-plaintiffs must comply with Chapter 150, and therefore the trial court abused its discretion in denying their motions to dismiss the claims of ICI Construction, Inc. ("ICI"),

Pavecon Commercial Concrete, Ltd. ("Pavecon"), G&D Pool & Spa, Inc. ("G&D"), and H.E. Jones & Company, Inc. d/b/a/ Lasting Impressions Landscape ("Lasting Impressions") (collectively, "Appellees"). Hydrotech further asserts that one of the certificates of merit upon which Appellees relied was deficient, and Swaback claims the parties are not entitled to rely on a late-filed certificate of merit. The Texas Supreme Court recently concluded that cross-claimants and third-party plaintiffs are not required to file a certificate of merit in suit arising under Chapter 150. In a separate decision, the court also concluded that the failure to file a certificate of merit with the original petition cannot be cured by amendment. Therefore, we affirm the trial court's orders denying Swaback's and Hydrotech's motions to dismiss the cross-claims and third party-claims, and reverse the trial court's order denying Swaback's motion to dismiss the fifth amended petition.

## BACKGROUND

This lawsuit arises from a commercial construction project known as One Montgomery Plaza in Fort Worth, Texas. OMP Development, LLC ("OMP"), a real estate development company, hired ICI as the general contractor for construction of a rooftop pool and deck ("the Project"). OMP hired Hydrotech, a professional engineering firm, to provide certain engineering and design services relating to the Project. Swaback was the architect of record for the Project and provided architectural and design services. ICI hired various subcontractors, including G&D, Pavecon, and Lasting Impressions to perform various aspects of the construction work for the Project.

The lawsuit was initiated by OMP, and OMP was subsequently joined by 2600 Montgomery, LLC (together, "Plaintiffs"). One Montgomery Plaza Residential Condominium Association ("Intervenor") intervened in the lawsuit. ICI and Pavecon were named as defendants. Plaintiffs and Intervenor claimed that the pool for the Project leaked, and sought to recover damages for this and other alleged construction deficiencies.

Numerous third-party claims and cross-claims among and against the various parties followed. The pleadings pertinent to this appeal include the third-party claims of ICI and Pavecon against Hydrotech and Swaback, Plaintiffs' fifth amended petition, and the cross-claims of G&D and Lasting Impressions against Hydrotech and Swaback. We limit our recitation of the procedural posture accordingly.

ICI's third-party petition against Hydrotech and Swaback sought contribution in the event ICI was found liable to Plaintiffs or Intervenor. ICI attached a certificate of merit to its third-party petition. The certificate, from Warren Maierhoffer, P.E., Jerry Jackson, P.E., and Scott Kenzer, P.A. (the "Maierhoffer Affidavit") offered several reasons why Hydrotech's alleged errors, acts, and omissions on the Project caused the problems for which Plaintiffs and Intervenor sought recovery. Pavecon filed a similar third-party petition and also attached the Maierhoffer Affidavit.

The next business day, ICI filed an amended third-party petition because the initial pleading referenced, but failed to attach a certificate of merit from David Yarbrough (the "Yarbrough Affidavit"). The Yarbrough Affidavit supported the claims against Swaback. A few days later, Pavecon amended its third-party petition to attach and incorporate the Yarbrough Affidavit. Hydrotech moved to strike the third-party claims of ICI and Pavecon based on the failure of the parties to obtain leave of court to file the claims and the alleged insufficiency of the certificate of merit. Swaback joined in the motion.

After these motions were filed, G&D filed a cross-claim against Hydrotech, Swaback, and others. G&D's cross-claim attached and referenced the Maierhoffer and Yarbrough Affidavits. Hydrotech amended its motion to dismiss to include G&D's cross-claim.

Lasting Impressions then filed its cross-claim against ICI, Swaback, Hydrotech, G&D and others. The cross-claim did not include, reference, or incorporate any previously filed

certificates of merit. Hydrotech amended its motion to dismiss to include the Lasting Impressions cross-claim.

Plaintiffs also filed a fifth amended petition asserting claims against ICI and numerous third-party defendants, including Hydrotech and Swaback. With regard to the third party defendants, the amended petition states, "If Defendant ICI's allegations are accurate, the work by third-party defendants . . . was insufficient and resulted in a property that was not properly built." The fifth amended petition did not include a certificate of merit. Swaback answered and moved to dismiss the fifth amended petition.[1]

The trial court conducted a hearing, and signed orders denying Hydrotech's motion to dismiss and Swaback's motions to dismiss. Hydrotech and Swaback initiated separate appeals of these orders, but the cases were consolidated by this Court on its own motion. We have jurisdiction over this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011).

**ANALYSIS**

Swaback and Hydrotech assert the trial court erred in denying their motions to dismiss because cross-claimants and third-party plaintiffs seeking contribution or indemnity are required to file a certificate of merit in a lawsuit arising under section 150.002 of the civil practice and remedies code.[2] Appellees respond that a certificate of merit is not required under the circumstances present here.

We review a trial court's decision on a defendant's motion to dismiss under section 150.002 under an abuse of discretion standard.[3] A trial court abuses its discretion when it reaches

---

[1] Hydrotech also filed a motion to dismiss Plaintiffs' claims, but the Plaintiffs subsequently non-suited Hydrotech.

[2] TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011).

[3] *See Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.).

a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.[4]  A trial court acts arbitrarily and unreasonably if application of the law to the facts dictates only one correct decision, but the trial court reaches a different one.[5] A trial court abuses its discretion when it fails to analyze or apply the law correctly.[6]

Chapter 150 applies to lawsuits against certain licensed or registered professionals, including architects, engineers, land surveyors, and landscape architects, or any firm in which such a licensed or registered professional practices.[7]  Section 150.002(a) requires "a plaintiff" to file a certificate of merit "with the complaint."[8] Specifically, the statute provides in pertinent part:

> **Certificate of Merit**
>
> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor . . . . [9]

The purpose of the statutory certificate of merit is to be sure that the plaintiff's claims have merit.[10] The statute further provides that the failure to file the affidavit "shall result in dismissal of the complaint against the defendant."[11]

The Texas Supreme Court recently considered whether the statute's certificate of merit requirement applies to third-party plaintiffs or cross-claimants.[12] In a plurality decision, the court

---

[4] *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

[5] *Rivenes v. Holden*, 257 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

[6] *See In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding).

[7] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.001 (West 2011).

[8] TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (a) (West 2011).

[9] TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011).

[10] *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.).

[11] *Id*. § 150.002(e).

concluded that "cross-claimants and third-party plaintiffs are not 'the plaintiff' in an 'action or arbitration proceeding'" and therefore "the statute's expert affidavit requirement does not apply to them."[13]

The court resolved the issue by examining the language of the statute.[14] In so doing, the court reasoned that because the statute does not define the terms "plaintiff" or "action," the terms should be given their ordinary meaning.[15] Applying the terms' common, ordinary meanings, the court noted that the term "action" means "suit," and the term "plaintiff" is the party who initiates the action or suit, "not any party who asserts claims or causes of action within the suit."[16] After determining that the context of the terms within the statute supports these common meanings, the court held that "section 150.002's certificate-of-merit requirement applies to a party who initiates the lawsuit, and not to defendants or third-party defendants who assert claims for relief within a suit."[17]

In a concurring opinion, Justice Willett joined the plurality opinion, but wrote separately "to underscore the centrality of semantic context in statutory interpretation and the perils of resting on a statute's supposed purpose."[18] Justice Willett agreed with the plurality's analysis of the word "action," but added "several other contextual considerations" to support the conclusion "that the statute does not require third-party plaintiffs to file expert affidavits."[19]

---

[12] *See Jaster v. Comet II Constr., Inc.*, No. 12-0804, 2014 WL 2994503, at *1 (Tex. July 3, 2014). The Court construed the 2005 version of the statute, but noted that the current version still imposes the certificate of merit requirement, and stated "our construction of the 2005 version also applies to the current version of the statute." *Id*. at *21 n.4.

[13] *Id*.

[14] *Id*. at *4.

[15] *Id.*

[16] *Id*. at *6.

[17] *Id*. at *9.

[18] *Id*. at *11 (Willett, J., concurring).

[19] *Id*.

The concurring opinion noted that use of the article "the," which emphasizes a particular plaintiff, supports a conclusion that the statute is directed toward the plaintiff who initiated the suit.[20] The concurrence also noted that "section 150.002 does not apply to third-party plaintiffs seeking indemnity and contribution because the affidavit requirement is limited to actions 'for damages.'"[21] In this regard, Justice Willett noted:

> When a defendant files a third-party action against a third-party defendant seeking contribution and indemnity, the defendant does not increase the possible scope of damages that the plaintiff will ultimately recover. The only changing dynamic is the proportionate share of the damages to be paid.[22]

Justice Willett also cautioned against the dissent's use of the absurdity doctrine to effectuate the statute's purpose.[23] To this end, he observed that "[l]iberal use of the absurdity doctrine too often devolves into purposive interpretation of statutes. And reliance on legislative purpose always tempts but rarely tempers."[24] Swaback advances the same absurdity argument here. But Justice Willett suggested that "[i]n order to carefully police our limited role, the bar for the application of the absurdity doctrine must remain high. Peculiarity or unfairness is not sufficient to trigger the absurdity doctrine."[25] Otherwise, "when legislatures come to see courts as editors rather than adjudicators, busy legislators may leave the judiciary to tighten the screws on loose language down the road."[26]

---

[20] *Id.*

[21] *Id.* at *13.

[22] *Id.*

[23] *Id.*

[24] *Id.* at *14.

[25] *Id.*

[26] *Id.*

Because the substantive issues in the present case are identical to those addressed in *Jaster*, *Jaster* is controlling here.[27] Therefore, we conclude the trial court did not err in denying the motions to dismiss the third-party claims and cross-claims.

Although we need not reach Swaback's argument concerning the timeliness of the filing of the Yarbrough Affidavit in connection with the third-party claims and cross-claims, Swaback also moved to dismiss Plaintiffs' fifth amended petition. On appeal Swaback argues that it was "brought into the lawsuit by two third-party petitions that did not attach a certificate of merit," and that Plaintiffs are not entitled to rely on a certificate of merit that was untimely filed. In the court below, Plaintiffs argued that when the fifth amended petition was filed, there was already a certificate of merit on file, attached to ICI's amended petition. Plaintiffs have not responded to Swaback's argument on appeal.

Swaback does not challenge whether Plaintiffs were entitled to rely on the Yarbrough Affidavit filed by ICI. Instead, its complaint is that the affidavit was filed with an amended petition the day after the original filing. The record reflects that ICI filed its amended third-party petition with the Yarbrough Affidavit attached before Swaback answered and moved to dismiss, and Swaback does not dispute these facts. Nonetheless, Swaback insists that a certificate of merit must be filed with the first-filed petition and this "contemporaneous filing requirement is mandatory."[28]

We note at the outset that ICI's original third-party petition referenced the Yarbrough Affidavit, but simply failed to attach it. The failure to attach the referenced affidavit, described by ICI as a clerical error, was remedied the very next business day. We are loathe to impose

---

[27] *See Univ. of Tx. Med. Branch v. York*, 871 S.W.2d 175, 176–77 (Tex. 1994) (discussing precedential value of plurality decision).

[28] Although the statute refers to a "complaint," a "petition" is the document initiating a lawsuit in a Texas state court. *See* TEX. R. CIV. P. 45.

hyper-technical applications of the statute that do not advance the purpose of the statute — to protect engineers and architects from frivolous lawsuits.[29] We are not unsympathetic to the fact that clerical errors do occur. But we are constrained to follow the Texas Supreme Court's recent decision in *Crosstex Energy Svcs, L.P. v. Pro Plus, Inc.*[30] And *Crosstex* unequivocally stated that "failure to file a certificate of merit with the original petition cannot be cured by amendment."[31]

In *Crosstex*, plaintiff's original petition named Pro Plus, a professional engineering firm, as a defendant. The original petition was filed without a certificate of merit. Pro Plus answered the lawsuit, participated in discovery, joined in continuance and docket control orders, and entered into a Rule 11 agreement before it raised the lack of a certificate of merit.[32] After the statute of limitations had expired, Pro Plus filed a motion to dismiss. The trial court denied the motion and granted Crosstex an extension of time to file the certificate of merit.[33] The court of appeals reversed the trial court's ruling and remanded the case.[34] The Texas Supreme Court granted Crosstex's petition for review to determine: (1) whether the court of appeals had jurisdiction to consider the interlocutory appeal of the extension order; (2) whether section 150.002's "good cause" extension is available only when a party filed suit within ten days of the expiration of the limitations period; (3) whether a defendant's conduct can waive the certificate of merit requirement; and (4) whether Pro Plus's conduct constituted waiver.[35]

---

[29] S*ee EPCO Holdings, Inc. v. Chi Bridge & Iron Co.*, 352 S.W.3d 265,272 (Tex. App.—Houston [14th Dist.] 2011, pet dism'd).

[30] 430 S.W.3d 384, 395–96 (Tex. 2014).

[31] *Id*. at 395 (citing *Landreth v. Las Brisas Council of Co-Owners, Inc*., 285 S.W.3d 492, 499 (Tex. App.—Corpus Christi 2009, no pet.).

[32] *See id.* at 394.

[33] *Id*. at 396.

[34] *Id.*

[35] *Id.*

The court concluded that the court of appeals did not err in exercising jurisdiction.[36] Then, the court examined whether the statutory provision allowing a "good cause" extension of time to file the certificate of merit applied to Crosstex's failure to file.[37]

The "good cause" extension is set forth in subsection (c) of the statute, and states:

> The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed . . . professional . . . could not have been prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The court may, on motion after hearing and for good cause, extend such time as justice requires.[38]

Pro Plus argued that the foregoing exception only applies if the plaintiff files the lawsuit within ten days of the limitations period. Crosstex asserted the trial court may extend the time to file the certificate of merit regardless of when the lawsuit is filed.[39] The court concluded that the "good cause" exception does not stand alone, and can be read only in conjunction with the remainder of subsection (c).[40] Thus, a plaintiff who files suit outside the ten day window cannot claim protection of the good cause exception.[41]

In the context of considering whether the certificate of merit requirement can be waived, the court noted that section 150.002(a) (regarding the contemporaneous filing of a certificate of

---

[36] *Id.* at 299.

[37] *Id.*

[38] TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (c).

[39] *Id.* at 390.

[40] *Id.* at 391.

[41] *Id.*

merit with the original petition) imposes a mandatory duty, but that duty is not jurisdictional."[42] Therefore, a defendant can waive its right to seek dismissal under the statute. [43]

In support of its argument that Pro Plus waived its right to complain about the absence of a certificate of merit, Crosstex asserted Pro Plus was required to specially except to any alleged pleading defect.[44] The court rejected this argument, stating that "failure to file a certificate of merit with the original petition cannot be cured by amendment."[45] The court further stated that "[i]f a defect in the pleadings is incurable by amendment, a special exception is unnecessary."[46] The court concluded that Pro Plus had not waived its right to complain about the lack of a certificate of merit to accompany the original filing.[47]

In the instant case, there was no motion for an extension of time to file the certificate of merit, nor did Plaintiffs invoke the "good cause" exception to the contemporaneous filing requirement. Indeed, Plaintiffs simply argued that the ICI certificate upon which they relied had been filed by the time they served the fifth amended petition. In light of the court's holding in *Crosstex*, we are not persuaded by this argument. The only statutory exception to an untimely filing is set forth in subsection (c), and this exception is inapplicable here.[48] The Yarbrough Affidavit was not timely filed, and the amended pleading did not remedy the failure to comply with the contemporaneous filing requirement mandated by the statute. Therefore, the trial court

---

[42] *Id.* at 392–393.

[43] *Id.* at 393.

[44] *See* TEX. R. CIV. P. 90.

[45] *Id.* at 394.

[46] *Id.*

[47] *See id.*

[48] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (c).

erred in denying Swaback's motion to dismiss Plaintiffs' fifth amended petition as to the claims asserted against Swaback.

## CONCLUSION

We affirm the trial court's orders denying Swaback's and Hydrotech's motions to dismiss the cross-claims and third-party claims, reverse the trial court's order denying Swaback's motion to dismiss the fifth amended petition as to the claims against Swaback, and remand to the trial court for further proceedings consistent with this opinion. ICI's motion to dismiss the appeal is overruled.

130713F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SWABACK PARTNERS, PLLC, AND
HYDROTECH ENGINEERING, INC.,
Appellants

No. 05-13-00713-CV     V.

OMP DEVELOPMENT, LLC, ICI
CONSTRUCTION, INC., PAVECON
COMMERCIAL CONCRETE, LTD., G&D
POOL & SPA, INC., H.E. JONES &
COMPANY, INC. d/b/a LASTING
IMPRESSIONS LANDSCAPE, AND 2600
MONTGOMERY, LLC, Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-11-05103-A.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.

      In accordance with this Court's opinion of this date, the trial court's orders denying the motions to dismiss the third-party claims and cross-claims are **AFFIRMED**. The trial court's order denying Appellant SWABACK PARTNERS, PLLC's motion to dismiss plaintiffs' fifth amended petition as to the claims against SWABACK is **REVERSED** and the case is remanded to the trial court for further proceedings consistent with this court's opinion.

      It is **ORDERED** that appellees OMP DEVELOPMNET, LLC, ICI CONSTRUCTION, INC., PAVECON COMMERCIAL CONCRETE, LTD., G&D POOL & SPA, INC., H.E. JONES & COMPANY, INC. d/b/a LASTING IMPRESSIONS LANDSCAPE, AND 2600 MONTGOMERY, LLC recover their costs of this appeal from appellants SWABACK PARTNERS, PLLC, AND HYDROTECH ENGINEERING, INC..

Judgment entered July 25, 2014