In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00120-CV
_____

ENGLOBAL U.S., INC., Appellant

V.

JEFFERSON REFINERY, L.L.C., Appellee

On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. E-194,140

## MEMORANDUM OPINION

ENGlobal U.S., Inc. and Jefferson Refinery, L.L.C. entered a contract whereby ENGlobal agreed to provide consulting and engineering services regarding Jefferson's Texas facility, the Winnie Refinery. ENGlobal subsequently sued Jefferson for suit on a sworn account, breach of contract, quantum meruit, violation of the Prompt Payment Act, and lien foreclosure. Jefferson filed a counterclaim against ENGlobal, alleging breach of contract, conversion, tortious interference, and fraudulent lien. ENGlobal moved to dismiss Jefferson's

1

counterclaim for failure to file a certificate of merit. The trial court granted the motion and dismissed Jefferson's claims without prejudice. When Jefferson filed an amended counterclaim with a certificate of merit, ENGlobal moved to dismiss on grounds that the certificate was insufficient. The trial court denied ENGlobal's motion. In this interlocutory appeal, ENGlobal presents two appellate issues challenging the denial of its motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f) (West 2011). We affirm the trial court's order denying ENGlobal's motion to dismiss.

In an action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff must file with the complaint an affidavit of a third-party licensed professional engineer. *Id.* § 150.002(a). The affidavit must state:

> [E]ach theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim.

*Id.* § 150.002(b). A plaintiff's failure to file the affidavit in accordance with section 150.002 shall result in dismissal of the complaint against the defendant and the dismissal may be with prejudice. *Id.* § 150.002(e).

2

The Texas Supreme Court recently addressed whether section 150.002 applies to cross-claimants and third-party plaintiffs. *Jaster v. Comet II Constr., Inc.*, No. 12-0804, 2014 Tex. LEXIS 567, at *2 (Tex. July 3, 2014) (plurality op.) (not yet released for publication). The Court explained that "section 150.002 requires 'the plaintiff' to file a certificate of merit in 'any [lawsuit] or arbitration proceeding' against a licensed professional, and 'the plaintiff' is a party who initiates the 'action' or suit, not any party who asserts claims or causes of action within the suit." *Id*. at *22. "Third-party plaintiffs and cross-claimants do not initiate a lawsuit or legal proceeding." *Id*. The Court added that "when the Legislature wants to use a term that includes only a party who initiates a lawsuit, thus excluding third-party plaintiffs, cross-claimants, and counter-claimants, it uses the term 'plaintiff,' rather than the term 'claimant.'" *Id*. at *30. The Supreme Court held that section 150.002 only applies to "'the plaintiff' who initiates an action for damages arising out of the provision of professional services by a licensed or registered professional," not to a defendant, third-party defendant, cross-claimant, counter-claimant, or third-party plaintiff who asserts such claims. *Id*. at **2, 29-30, 32-33, 41-42.

In this case, Jefferson, the defendant, filed a counterclaim against ENGlobal. Because section 150.002's certificate of merit requirement applies to the party who

initiates the action or suit, and does not apply to a party who asserts claims or causes of action within that suit, such as a counter-claimant, Jefferson was not required to comply with section 150.002. *See id.* at **2, 22-23, 29-30, 32-33, 41-42; *see also Hydrotech Eng'g, Inc. v. OMP Dev., L.L.C.*, No. 05-13-00713-CV, 2014 Tex. App. LEXIS 8125, at **2, 6-11 (Tex. App.—Dallas July 25, 2014, no pet. h.) (not yet released for publication) (Affirming the trial court's denial of motion to dismiss cross-claims and third party claims under *Jaster*.). Thus, we overrule Englobal's issues, affirm the trial court's order denying ENGlobal's motion to dismiss, and we need not address ENGlobal's contentions that Jefferson failed to comply with section 150.002's certificate of merit requirement. *See* Tex. R. App. P. 47.1.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 26, 2014
Opinion Delivered September 4, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.

4