**ENGINEERING AND TERMINAL SERVICES, L.P., Appellant**

v.

**TARSCO, INC. and Orcus Fire Protection, LLC, Appellees**

**NO. 14-16-00424-CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed April 27, 2017

Tanya N. White, William R. Moye, Andrew L. Johnson, Andrew McCluggage, Houston, TX, for Appellant.

Seth Payne, Sean Michael Reagan, Karen Klaas Milhollin, Jeffrey Todd Bentch, John Warren, Houston, TX, for Appellee.

Panel consists of Chief Justice Frost and Justices Brown and Jewell.

## OPINION

Kevin Jewell, Justice

In this certificate of merit case, we must determine whether the trial court erred by dismissing the third-party claims of Engineering & Terminal Services, L.P. ("ETS") against TARSCO, Inc. and Orcus Fire Protection, LLC because ETS did not file a certificate of merit with its third-party petition. In *Jaster v. Comet II Construction, Inc.*, 438 S.W.3d 556 (Tex. 2014), five justices who joined in the court's judgment agreed that a third-party plaintiff is not "the plaintiff" in an "action or arbitration proceeding" and thus is not subject to the certificate of merit requirement in Civil Practice and Remedies Code section 150.002. The question presented in this appeal is whether the certificate of merit requirement applies to a third-party petition filed by an original plaintiff seeking contribution from a third-party defendant. We conclude that ETS, a third-party plaintiff, was not required to file a certificate of merit with its third-party petition against TARSCO and Orcus. We reverse and remand for further proceedings consistent with this opinion.

## Background

ETS is an engineering firm. Buckeye Partners, LP contracted with ETS to provide engineering design and support services for construction of a tank farm and other petroleum processing facilities, as well as a marine terminal, in the Corpus Christi area. ETS, in turn, subcontracted with TARSCO to provide on-site engineering and design services for the part of the project known as "the LPG process facility in Area 5000." Separately, ETS subcontracted with Orcus to provide fire-protection engineering consulting services.

ETS sued Buckeye for breach of contract based on Buckeye's alleged failure to pay for ETS's engineering services. In response to ETS's original petition, Buckeye filed counterclaims against ETS, alleging that ETS's engineering designs contained errors, omissions, and other deficiencies that caused Buckeye substantial damages totaling over $3,000,000. As relevant here, Buckeye complained in part about work that ETS subcontracted to TARSCO and Orcus. Buckeye was not required to file a certificate of merit with its counterclaim,[1] and our record does not indicate whether it did so.

ETS, as a third-party plaintiff, filed a third-party petition against TARSCO and Orcus based on the allegedly defective engineering and design services forming the basis of Buckeye's counterclaim. ETS sought contribution damages from TARSCO and Orcus to the extent that ETS was liable to Buckeye. ETS still denied liability and denied Buckeye's allegations that the engineering and design services were defective. ETS did not file a certificate of merit with its third-party petition against TARSCO and Orcus.

TARSCO and Orcus filed motions to dismiss ETS's third-party claims under Texas Civil Practice and Remedies Code section 150.002 because ETS did not file a certificate of merit with its third-party petition. In relevant part, section 150.002, entitled "Certificate of Merit," provides:

> In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect,

---

1. See *Jaster*, 438 S.W.3d at 571 (plurality op.); *id.* at 571-75 (Willett, J., concurring).

or registered professional land surveyor....

Tex. Civ. Prac. & Rem. Code § 150.002.

ETS responded to the motions to dismiss, relying on *Jaster* for the proposition that third-party plaintiffs are exempt from section 150.002's certificate of merit requirement. The trial court disagreed, granted TARSCO's and Orcus's motions, and dismissed ETS's claims against them with prejudice.

ETS timely filed this interlocutory appeal, challenging the trial court's dismissal of its third-party claims against TARSCO and Orcus. *See* Tex. Civ. Prac. & Rem. Code § 150.002(f).

## Standard of Review

■ Generally, we review a trial court's order granting a motion to dismiss under section 150.002 for an abuse of discretion. *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 269 (Tex. App.—Houston [14th Dist.] 2011, pet. dism'd). A court abuses its discretion if it fails to analyze or apply the law correctly. *Id.*; *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.). But, we review the ruling de novo when, as here, none of the relevant facts are disputed and the trial court's ruling is based on statutory construction. *See Epco Holdings*, 352 S.W.3d at 269. The question before us is whether the certificate of merit requirement applies to ETS's third-party petition—a legal issue. If we conclude it does not apply as a matter of law, then we must reverse the trial court's orders as

legally erroneous under either the abuse of discretion or de novo standards.

## Analysis

■ The only issue in this appeal is whether the trial court erred by dismissing ETS's third-party claims against TARSCO and Orcus because ETS did not file a certificate of merit with its third-party petition.[2] This issue turns on whether the relevant statute required ETS to file the certificate.

Section 150.002(a) of the Texas Civil Practice and Remedies Code requires "the plaintiff" in "any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional" engineer to file a supporting expert affidavit "with the complaint." Tex. Civ. Prac. & Rem. Code § 150.002(a). But, section 150.002(a) does not specifically address how, or if, it applies to third-party petitions, cross-claims, or counterclaims.

### A. *Jaster v. Comet II Construction, Inc.*

We first seek guidance from the Supreme Court of Texas, which has considered the statute's applicability in the third-party practice context. In *Jaster*, the court addressed whether the certificate of merit requirement applies to "a defendant or third-party defendant who files a third-party claim or cross-claim against a licensed or registered professional."[3] *Jaster*, 438 S.W.3d at 559 (plurality op.). In *Jaster*, a homeowner filed a lawsuit against Comet II Construction, alleging that Comet defectively designed and constructed his

2. The parties do not dispute that TARSCO and Orcus are "licensed or registered professionals" or that ETS's third-party claims against them arise out of the provision of professional services. *See* Tex. Civ. Prac. & Rem. Code § 150.002.

3. The justices in *Jaster* construed the 2005 version of the certificate of merit statute, but noted that the current version still imposes the certificate of merit requirement, and stated "our construction of the 2005 version also applies to the current version of the statute." *Jaster*, 438 S.W.3d at 560 n.4.

home's foundation. *Id.* Comet denied liability and filed third-party claims against Austin Design Group, from whom Comet had purchased the foundation plans, and Gary Wayne Jaster, the professional engineer who had prepared the plans. *Id.* Austin Design cross-claimed against Jaster, seeking contribution and indemnity. *Id.* Jaster filed a motion to dismiss Comet's third-party claim and Austin Design's cross-claim, arguing that they were each "the plaintiff" as to those claims and they had failed to file a certificate of merit under chapter 150 of the Texas Civil Practice and Remedies Code. *Id.* The trial court denied Jaster's motion to dismiss, and the Austin Court of Appeals affirmed, concluding that chapter 150 does not require third-party plaintiffs or cross-claimants to file a certificate of merit. *Id.*

After a detailed statutory analysis, a plurality of the court, consisting of Justices Boyd, Johnson, Willett, and Devine, concluded that "cross-claimants and third-party plaintiffs are not 'the plaintiff' in an 'action or arbitration proceeding,'" and therefore, "the statute's expert affidavit requirement does not apply to them." *Id.* These justices reasoned that "action" means "suit," and the term "plaintiff" refers to the party who initiates the action or suit, "not any party who asserts claims or causes of action within the suit." *See id.* These justices concluded that the statute does not apply to third-party plaintiffs, who do not initiate the lawsuit or legal proceeding. *See id.* These justices further concluded that "section 150.002's certificate-of-merit requirement applies to a party who initiates the lawsuit, and not to defendants or third-party defendants who assert claims for relief within a suit." *Id.* at 568.

Similarly, in a concurring opinion, Justice Willett, joined by Justices Lehrmann and Devine, opined that "the language of this statute, viewed in context, excludes third-party plaintiffs from the expert-affidavit requirement." *Id.* at 572 (Willett, J.; concurring).[4] The concurring justices also emphasized that "section 150.002 does not apply to third-party plaintiffs seeking indemnity and contribution because the affidavit requirement is limited to actions 'for damages.'" *Id.* at 573. The concurring justices concluded that the context clearly indicates that the statutory text does not require a third-party plaintiff to file an expert affidavit with a third-party petition. *See id.* at 575.

Thus, five justices in *Jaster* concluded that Comet's third-party claims and Austin Design's cross-claims were not subject to the certificate of merit requirement and joined the court's judgment affirming the Austin Court of Appeals's judgment upholding the trial court's denial of Jaster's motion to dismiss. *Id.* at 571.

## B. TARSCO's and Orcus's arguments

Relying on *Jaster*, ETS asserts that it was not required to file a certificate of merit with its third-party petition against TARSCO and Orcus because the certificate mandate applies only to the original plaintiff when it initiates an action against a licensed or registered professional arising out of the provision of professional services. ETS's original petition initiating the present lawsuit did not assert a claim against a licensed or registered professional arising out of the provision of professional services. Rather, ETS sought payment for services it provided to Buckeye.

---

4. Justices Willett and Devine joined Justice Boyd's plurality opinion. Justice Lehrmann did not join the plurality opinion but joined all of the concurring opinion except the part in which Justice Willett stated that he joined the plurality opinion.

TARSCO and Orcus offer several reasons we should not apply *Jaster* here, beginning with the alternative propositions that *Jaster* is either non-binding authority or was decided incorrectly. Additionally, TARSCO urges us to construe *Jaster* in the narrowest possible sense, as exempting only "defendants" or "third-party defendants" from the certificate of merit requirement. According to TARSCO, *Jaster* does not support ETS because a third-party contribution claim filed by an original plaintiff is something fundamentally different than a third-party contribution claim filed by a defendant/third-party defendant.

We reject TARSCO's and Orcus's arguments for several reasons.

*1. Five justices in* Jaster *agreed on principles of law that bind this court.*

█ Intermediate appellate courts are bound to apply principles of law agreed upon by a majority of the Texas Supreme Court justices participating in a case if those justices join in the high court's judgment. *See Rosemond v. Al-Lahiq*, 362 S.W.3d 830, 840-41 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *cf. Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 176 (Tex. 1994) ("Because the principles of law involved have not been agreed upon by a majority of the sitting court, the plurality opinion is not authority for determination of other cases, either in this Court or lower courts."). Because five justices in *Jaster* who joined in the court's judgment agreed that a third-party plaintiff is not required to file a certificate of merit, we are bound by that principle. *See Hydrotech Eng'g, Inc. v. OMP Dev., LLC*, 438 S.W.3d 895, 899-900 (Tex. App.—Dallas 2014, pet. denied) (concluding that *Jaster* is binding precedent and holding that third-party plaintiffs are not required to file certificates of merit); *see also Rosemond*, 362 S.W.3d at 840-41.

*2. ETS asserted contribution claims as a third-party plaintiff.*

TARSCO's and Orcus's remaining arguments turn largely on what they contend is a material distinction between a *defendant* who files a third-party petition and a *plaintiff* who files a third-party petition. TARSCO and Orcus emphasize that in *Jaster* the third-party plaintiff was originally a defendant, whereas ETS is "the plaintiff" who initiated the present lawsuit. *See Jaster*, 438 S.W.3d at 571 (plurality op.) ("We hold that the certificate-of-merit requirement in section 150.002 of the Civil Practice and Remedies Code applies to 'the plaintiff' who initiates an action for damages arising out of the professional services by a licensed or registered professional, and does not apply to a defendant or third-party defendant who asserts such claims."). TARSCO and Orcus urge that we should confine *Jaster* to its specific fact pattern and hold that *Jaster* does not support reversal in the present case because ETS is not a "defendant" or a "third-party defendant."

To the contrary, we believe that ETS's status as the original plaintiff, who subsequently filed a third-party petition against new third-party defendants, is not a fact that distinguishes the present case from *Jaster* in a legally meaningful way. First, as noted above, ETS filed its original petition against Buckeye for breach of contract based solely on Buckeye's alleged failure to pay for services. Thus, while ETS was certainly a "plaintiff", it did not initiate an action for damages arising out of professional services by a licensed or registered professional at the time it filed its original petition. *See* Tex. Civ. Prac. & Rem. Code § 150.002; *Jaster*, 438 S.W.3d at 571. In response, Buckeye filed a counterclaim against ETS. *See* Tex. R. Civ. P. 85 (providing that a defendant may file,

with its answer, a cross-action, "which to that extent will place defendant in the attitude of a plaintiff"). ETS subsequently filed its third-party petition against TARSCO and Orcus as a counter-defendant to Buckeye's counterclaim, not as "the plaintiff." *See* Tex. R. Civ. P. 97(f) ("Persons other than those made parties to the original action may be made parties to a third party action, counterclaim, or cross-claim."); *see also* Tex. R. Civ. P. 38 (permitting a defending party, including a plaintiff, to bring a third-party into a lawsuit). Although ETS filed the original lawsuit as "the plaintiff" against Buckeye, we disagree that ETS was "the plaintiff" when it filed it its third-party petition against TARSCO and Orcus in response to Buckeye's counterclaim. Instead, just as the defendant in *Jaster* was acting as a third-party plaintiff, so too was ETS acting as a third-party plaintiff in this case. A "plaintiff" also may be a "third-party plaintiff." *See* Tex. R. Civ. P. 38(b) ("When a counterclaim is asserted against a plaintiff, he may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.").

Further, had the Legislature intended the certificate of merit requirement to apply to a party filing a third-party claim in response to a counterclaim, it could have used the broader term "claimant" instead of using language that ties the requirement solely to the pleading that initiates the lawsuit. *See Jaster v. Comet II Constr., Inc.*, 382 S.W.3d 554, 562 (Tex. App.—Austin 2012) ("The legislature could have expressly imposed the requirement for filing a certificate of merit on third-party plaintiffs and cross-claimants but did not."), *aff'd*, 438 S.W.3d 556. In fact, the four justices in the *Jaster* plurality opinion emphasized this distinction, explaining that the broader term "claimant" is used throughout the Civil Practice and Remedies Code when the "Legislature wants to use a single term that encompasses third-party plaintiffs, cross-claimants, and counter-claimants." [5]

Moreover, the four justices in the *Jaster* plurality opinion enumerated several rationales for exempting third-party plaintiffs or cross-claimants from filing a certificate of merit when they assert claims as part of an existing lawsuit. For example, third-party plaintiffs and cross-claimants may not have adequate time to obtain the necessary expert analysis by the time their third-party claim or cross-claim is due. *See Jaster*, 438 S.W.3d at 569 (plurality op.). Further, many defendants—or counter-defendants, as ETS is in this case—"deny the existence of any design defect, but alternatively assert third-party claims against a design professional, seeking contribution and indemnity in the event that the plaintiff prevails." *Id.* at 569. The present case illustrates this point. In its third-party petition, ETS brought breach-of-con-

---

5. *Jaster*, 438 S.W.3d at 567 ("When addressing frivolous pleadings and claims in chapter 9, for example, the statute uses the term 'claimant,' rather than the term 'plaintiff,' and expressly defines the term 'claimant' to include 'a plaintiff, counterclaimant, cross-claimant, third-party plaintiff, or intervenor, seeking recovery of damages.' Tex. Civ. Prac. & Rem Code § 9.001(1). The statute consistently utilizes the same approach when addressing proportionate responsibility in chapter 33, *see id.* § 33.011(1), damages in chapter 41, *see id.* § 41.001(1), liability for stalking in chapter 85, *see id.* § 85.001(1), and liability for a year 2000 computer failure in chapter 147, *see id.* § 147.001(2). And, when addressing medical liability claims (to impose an expert affidavit requirement similar to chapter 150's certificate-of-merit requirement), the statute uses a similar but slightly different approach, using the term 'claimant' and defining that term to mean any person 'seeking or who has sought recovery of damages in a health care liability claim.' *Id.* § 74.001(a)(2).").

tract, negligence, and contribution claims against TARSCO and Orcus. But, in each of its claims, ETS emphasized that Buckeye had alleged that various projects, which had been designed by TARSCO and Orcus, were defectively designed. ETS denied Buckeye's allegations, but asserted that if Buckeye's allegations were true, then TARSCO and Orcus were liable to ETS for the services they had provided in conjunction with the project.[6]

Indeed, as a counter-defendant, ETS is situated similarly to the defendants in *Jaster*. Buckeye's counterclaim was the first assertion of a professional-negligence claim by any party in this suit. If the *Jaster* defendants were not required to file a certificate of merit, then ETS, as a counter-defendant here, is not required to file a certificate of merit either.

In short, the principle identified in *Jaster* applies equally to plaintiffs, defendants, or counter-defendants acting as third-party plaintiffs. Under *Jaster*, Buckeye was not required to file a certificate of merit. Yet, TARSCO and Orcus would impose that burden on ETS when ETS's third-party petition asserted merely that appellees owed contribution to ETS if, in fact, Buckeye proved its allegations that their work was faulty or defective and proximately caused damages. ETS did not assert fault with TARSCO's and Orcus's work separately from the defects alleged by Buckeye, and ETS did not allege damages greater than those alleged by Buckeye.

Texas Rule of Civil Procedure 38 provides: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a citation and petition to be served upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." Tex. R. Civ. P. 38(a). Further, as noted above, subpart (b) of the rule provides that a plaintiff subject to a counterclaim may add a third party "under circumstances which under this rule would entitle a defendant to do so." Tex. R. Civ. P. 38(b). Thus, under rule 38(b), the procedure to add a third party to a lawsuit is the same regardless whether a "plaintiff" or a "defendant" files the third-party petition. In either instance, the party filing the third-party petition is a "third-party plaintiff," to which the certificate of merit requirement does not apply.

TARSCO also argues that applying *Jaster* here essentially would vitiate the statute's purpose because plaintiffs could "bypass the required certificate by adding

---

**6.** For example, ETS asserted the following allegations in support of its breach of contract claim:

> Buckeye alleges that the design of the LPG process facility in Area 5000 of the Project contained errors, omissions and/or deficiencies and was not functional as designed. If these allegations are correct, *which E&TS denies*, then such errors, omissions, and/or deficiencies were caused by Third-Party Defendant Tarsco's work involving the design and on-site support. . . .
>
> Buckeye also alleges that the design of the firewater piping system contained errors, omissions, and/or deficiencies that resulted in a diminution in value in the Project's firewater piping system. If these

allegations are correct, *which E&TS denies*, then such errors, omissions, and/or deficiencies were caused by Third-Party Defendant Orcus Fire's work relating to the fire protection engineering and consulting services provided. . . .

Similarly, ETS alleged in support of its negligence claim that, to the extent liability was found in support of Buckeye's allegations, the third-party defendants were responsible for any negligence damages. Effectively, for each of these claims, ETS urged that, to the extent Buckeye showed the design or construction of the project was deficient, any deficiencies were caused by or contributed to by the third-party defendants.

registered professionals as defendants via amended petitions." Yet, that is not what occurred in this case, nor does it occur generally in third-party claims. When a party brings third-party claims, it typically acts in a defensive manner because it is responding to claims or counterclaims brought by other parties.[7] *See* Tex. R. Civ. P. 38. Nonetheless, we also are troubled by the prospect that litigants may perceive *Jaster* as a blueprint for evading the certificate of merit mandate. But, the five justices in *Jaster* reached their conclusions despite those concerns, and the tools and means to fortify existing statutory text to ensure compliance with legislative purpose properly lie with the legislature, not the courts.[8] In any event, adopting TARSCO's argument in the present case would conflict with the binding principle of law articulated by five justices in *Jaster*.

## Conclusion

In sum, although the procedural posture of this case is not identical to that presented in *Jaster*, we conclude that the factual distinctions lack legal significance and that the legal principles on which five justices agreed are binding on this court. Section 150.002 applies to "the plaintiff" at the time it initiates an action for damages arising out of the provision of professional services by a licensed or registered professional. *See Jaster*, 438 S.W.3d at 571 (plurality op.); *id.* at 571-75 (Willett, J., concurring). In this case, ETS was not "the plaintiff" who initiated an action for damages arising out of the provision of professional services. Instead, ETS was "the plaintiff" who initiated an action against Buckeye for breach of contract based on a failure to pay for services. Acting as a third-party plaintiff in this same suit, ETS filed third-party claims against TARSCO and Orcus. Under these circumstances, section 150.002 does not apply to ETS's third-party petition. *See id.* at 571 (plurality op.); *id.* at 571-75 (Willett, J., concurring); *see also Hydrotech*, 438 S.W.3d at 899-900. Thus, the trial court erred by dismissing ETS's third-party claims against TARSCO and Orcus under section 150.002.

We sustain ETS's issue and reverse the trial court's orders dismissing ETS's third-party claims against TARSCO and Orcus. We remand to the trial court for further proceedings consistent with this opinion.

---

7. The present circumstances contrast with *Ashkar Engineering Corp. v. Gulf Chemical & Metallurgical Corp.*, in which our sister court in Houston determined that a plaintiff who amends its petition to add claims against a professional must file a certificate of merit with its amended petition against the professional. *Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00855-CV, 2010 WL 376076, at *2-3 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.). Although TARSCO asserts that "*Ashkar* presents an analogous procedural posture to this case," *Ashkar* pre-dates *Jaster* and did not involve a third-party plaintiff's petition against a third-party defendant.

TARSCO also relies on *Sharp Engineering*, 321 S.W.3d at 748. But, that case did not involve any third-party claims; thus, it has no bearing on the situation at hand. *See id.* at 749-50.

8. Indeed, our research reveals that potential amendments to Section 150.002 are pending in the current legislative session. The proposed changes, however, have nothing to do with the issues identified in *Jaster* or raised in this appeal; rather, they would require more specificity in the certificate of merit affidavit. *See* H.B. 2422, 2017 Leg., 85th Sess. (Tex. 2017).