

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00068-CV

_____

RONALD R. WAGNER & CO., LP, APPELLANT

V.

APEX GEOSCIENCE, INC. AND BRAUN INTERTEC CORPORATION, APPELLEES

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 106,760-B; Honorable John B. Board, Presiding

September 11, 2018

OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

By this interlocutory appeal,[1] we must determine whether Appellant, Ronald R. Wagner and Company, LP, was required to file a *Certificate of Merit* as required by section 150.002(a) of the Texas Civil Practice and Remedies Code in its suit for damages against

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (West 2011).

Appellees, Apex Geoscience, Inc. and Braun Intertec Corporation,[2] or whether it was exempt from doing so under the provisions of the Texas Engineering Practice Act.[3] Wagner sued Apex Geoscience, Inc. and Braun Intertec Corporation for breach of contract, fraudulent inducement, negligence, negligent misrepresentation, gross negligence, and breach of implied warranty. When Wagner's pleadings failed to include a *Certificate of Merit*, Apex and Braun moved to dismiss the suit under section 150.002(e) of the Texas Civil Practice and Remedies Code, which mandates dismissal. The trial court granted the motion to dismiss without prejudice prompting Wagner to file this appeal seeking to overturn the dismissal order. By a sole issue, Wagner alleges abuse of discretion by the trial court in dismissing its cause of action claiming it was exempt from filing a *Certificate of Merit.* We affirm.

BACKGROUND

Wagner is a highway contractor specializing in application of pavement sealer and pavement surface treatment to Texas roadways and is an authorized bidder for projects of the Texas Department of Transportation (TXDOT). Apex, an engineering firm registered in Texas, was acquired by Braun, which was also a registered geotechnical engineering firm, in September 2015.

According to its pleadings, Wagner received an unsolicited quote for materials for a TXDOT project from Advantage Asphalt of Lubbock, LLC, and Advanced Pavement Maintenance, LTD, (two defendants in the underlying suit who are not parties to this

---

[2] Suit was also filed against other defendants who are not parties to this interlocutory appeal.

[3] *See* TEX. OCC. CODE ANN. § 1001.001 -.552 (West 2012 & Supp. 2017).

2

appeal).[4]  Their quote provided they would supply Wagner with B-4 Aggregate from the Wilson Pit.  Advanced Pavement Maintenance, LTD, entered into a contract (*Sampling and Evaluation Agreement*) with Apex and Braun for analysis of the aggregate.  Shane E. Nance, P.E., a senior engineer employed by Apex and Braun, issued a report on October 1, 2015, finding that the aggregate met TXDOT's specifications for the project.

Wagner relied on the analysis and accepted the quote from Advantage Asphalt of Lubbock, LLC, and Advanced Pavement Maintenance, LTD.  It incorporated the quote into its cost projection and its bid to TXDOT.  Wagner was notified by TXDOT that its bid had been accepted and it was authorized to begin the project.[5]

Due to a cash flow problem, Advantage Asphalt of Lubbock, LLC, and Advanced Pavement Maintenance, LTD, requested that Wagner advance funds to begin producing the aggregate.  They produced only a fraction of the number of tons of aggregate originally agreed upon when the State of Texas, using its own engineers, independently analyzed the aggregate and found that only one of four batches of the aggregate met TXDOT's specifications.   Advantage Asphalt of Lubbock, LLC, and Advanced Pavement Maintenance, LTD, had also failed to coat the aggregate and deliver it to the center of the job site as required by the quote provided to Wagner.  They notified Wagner they could not produce any more qualified aggregate and Wagner was forced to obtain aggregate from other suppliers in excess of its bid, which resulted in the underlying lawsuit.

---

[4] Authorized bidders for TXDOT projects are a matter of public record and are published to suppliers of materials who may unilaterally contact authorized bidders to provide them quotes for materials on projects.

[5] The project was for repairing US Highway 84 in Lamb County, Texas.

At the hearing on the motion to dismiss, Wagner argued it did not believe a *Certificate of Merit* was required to be filed with its lawsuit based on the exemption provided in section 1001.062 of the Occupation Code. *See* TEX. OCC. CODE ANN. § 1001.062(a) (West 2012).

At the hearing on the motion to dismiss, Wagner claimed that Nance, the senior engineer who signed the report on the aggregate analysis and who was Apex and Braun's employee, was not engaged in the "practice of engineering," exempting Wagner from having to file a *Certificate of Merit* contemporaneously with its suit. Apex and Braun argued that Wagner misconstrued the exemption. They interpreted the statute as exempting non-engineering employees in the field, who might otherwise be considered as engaging in the practice of engineering for performing services in accordance with an engineer's plans or specifications, from being subjected to the requirements of the Texas Engineering Practice Act and the Board of Professional Engineers for the unlawful practice of engineering.

APPLICABLE LAW

Section 150.002(a) of the Texas Civil Practice and Remedies Code provides that in an action for damages arising out of the provision of professional services by a licensed or registered professional, "the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (West 2011). The plaintiff's failure to file an affidavit as required by section 150.002(a) shall result in the dismissal of the complaint against the defendant. The purpose of the affidavit, referred to as a *Certificate of Merit*, is to require

4

a plaintiff to make a threshold showing that its claims have merit. *See Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 897 (Tex. 2017). *See also* § 150.002(b). Ultimately, a *Certificate of Merit* provides a basis for the trial court to determine if the plaintiff's claims have merit. *Murphy v. Gutierrez*, 374 S.W.3d 627, 632 (Tex. App.—Fort Worth 2012, pet. denied).

While the "practice of engineering" is not defined in the Civil Practice and Remedies Code, section 150.001(3) ascribes the meaning assigned by section 1001.003 of the Occupation Code. TEX. CIV. PRAC. & REM. CODE ANN. § 150.001(3) (West 2011). In that regard, section 1001.003(b) defines the "practice of engineering" as "the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." TEX. OCC. CODE ANN. § 1001.003(b). Paragraph (c) of the statute then lists twelve examples of "the practice of engineering." Two of those examples describe "analysis"; TEX. OCC. CODE ANN. § 1001.003(c)(1), and "analysis" in connection with a geotechnical nature as performing the "practice of engineering." TEX. OCC. CODE ANN. § 1001.003(c)(10).

Section 1001.062(a) of the Occupation Code provides an exemption from the requirements of chapter 1001 of the Code as follows: "[a] regular or full-time employee of a private business entity who is engaged in erecting, constructing, enlarging, altering, repairing, rehabilitating, or maintaining an improvement to real property in accordance with plans or specifications that have an engineer's seal is exempt from this chapter." TEX. OCC. CODE ANN. § 1001.062(a). Chapter 1001 is entitled "Engineers" and is

contained in Subtitle A which is entitled "REGULATION OF ENGINEERING AND RELATED PRACTICES."

STANDARD OF REVIEW

Generally, we review a trial court's order granting a motion to dismiss under section 150.002 of the Texas Civil Practice and Remedies Code for abuse of discretion. *Eng'g & Terminal Servs., L.P. v. Tarsco, Inc.*, 525 S.W.3d 394, 397 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing *Epco Holdings, Inc. v. Chicago Bridge & Iron Co.*, 352 S.W.3d 265, 269 (Tex. App.—Houston [14th Dist.] 2011 pet. dism'd)). A court abuses its discretion if it fails to analyze or apply the law correctly. *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.). If resolution of the issue requires us to construe statutory language, we review the trial court's ruling de novo. *See Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *Epco Holdings, Inc.*, 352 S.W.3d at 269.

ANALYSIS

Wagner maintains the trial court abused its discretion in dismissing its suit for failing to file a *Certificate of Merit* with its pleadings arguing that Apex and Braun's engineer was not engaged "in the practice of engineering." We disagree.

The Occupation Code provides seventeen exemptions from the regulatory scheme of the Texas Engineering Practice Act. *See* TEX. OCC. CODE ANN. § 1001.052-.068. The

6

parties do not reference any caselaw analyzing section 1001.062, pertaining to "Certain Employees Working from Engineer's Plans," and this court has found none.[6]

The legislative intent of the Act specifies the purpose of the Act is to protect public health, safety, and welfare. TEX. OCC. CODE ANN. § 1001.004(b)(1). Although the Legislature intended for the Texas Engineering Practice Act to be liberally construed; § 1001.004(d), it also intended to strictly regulate the practice of engineering. TEX. OCC. CODE ANN. § 1001.004(c)(3). It enacted legislation providing that the practice of engineering is to be entrusted only to a person licensed and practicing under the Texas Engineering Practice Act. TEX. OCC. CODE ANN. § 1001.004(c)(1). To exempt an engineer, as Wagner seeks to do, by characterizing him as a "regular full-time employee of a private business entity" under section 1001.062 and by asserting he was not engaged in the practice of engineering, renders the Legislature's intent meaningless.

The Legislature is not presumed to have done a useless or meaningless act. *Dugger v. Arredondo*, 408 S.W.3d 825, 836 (Tex. 2013). A plain reading of the exemption reflects the Legislature's intent to shield employees who are not engineers, but who are engaged in specific tasks related to improvement of real property in accordance with plans and specifications that have an engineer's seal, from having to comply with the Texas Engineering Practice Act.

---

[6] At the time of this publication, caselaw exists on two of the seventeen exemptions: (1) section 1001.063 exempting architects, landscape architects, and interior designers; *Tex. Soc'y of Prof'l Eng'rs v. Tex. Bd. of Architectural Examiners*, No. 03-08-00288-CV, 2008 Tex. App. LEXIS 8142, at *12-13 (Tex. App.—Austin Oct. 24, 2008, no pet.) (mem. op.) (noting that whether an exemption applies is a fact-intensive inquiry to be done on a case-by-case basis), and (2) section 1001.066 exempting certain NASA related activities, *Jacobs Eng'g Grp., Inc. v. Elsey*, 502 S.W.3d 460, 464-67 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (finding that a certificate of merit would not necessarily be required in a work-place safety suit against a professional engineering firm).

7

The statutes at issue are not ambiguous. Section 150.002(a) of the Civil Practice and Remedies Code provides that a suit for damages arising out of the provision of professional services by a licensed professional engineer requires a contemporaneous filing of a *Certificate of Merit.* Section 1001.003(c)(1) and (10) of the Occupation Code specifically describe two examples of the "practice of engineering" which both include an "analysis" performed by an engineer. Section 1001.004 clearly expresses the Legislature's intent to protect public health, safety, and welfare, to entrust the "practice of engineering" to a licensed person, and to require strict compliance and enforcement of the Texas Engineering Practice Act. TEX. OCC. CODE ANN. § 1001.004(b)(1), (c)(1), (3).

Nance, Apex and Braun's senior engineer, performed a service, i.e., an analysis of B-4 Aggregate, which required engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service. He signed a report confirming that the aggregate met TXDOT's specifications for a sealcoating project.

Wagner relied on Nance's results in preparing its bid for the project. After TXDOT accepted Wagner's bid and its own engineers later disputed the quality of the aggregate, Wagner was left to acquire satisfactory aggregate from another supplier in excess of its bid. Thus, Wagner's suit for damages arose out of professional services rendered by Nance, a licensed professional engineer working for a registered engineering firm. Admittedly, as emphasized by Wagner, Nance was Apex and Braun's "employee"; however, he was still an engineer engaged in the practice of engineering. He was not an employee involved in "erecting, constructing, enlarging, altering, repairing, rehabilitating, or maintaining an improvement to real property in accordance with" another engineer's

8

plans,[7] which is required to trigger application of the exemption provided in section 1001.062 of the Occupation Code; he was the very engineer who performed the analysis relied upon by the parties. The Legislature did not intend to exempt engineers from the regulatory scheme imposed by the Texas Engineering Practicing Act and enforced by the Texas Board of Professional Engineers simply by virtue of the fact that they were employees of an engineering firm. Finding the applicable statutes to be unambiguous, we need not resort to the rules of statutory construction to resolve the issue before us.

Based on a plain reading of the applicable statutes, we hold that the exemption provided by section 1001.062 of the Occupation Code does not apply under the facts of the underlying case and Wagner was required to file a *Certificate of Merit* in compliance with section 150.002(b) with its complaint. We find that Wagner's failure to do so authorized the trial court to dismiss the suit pursuant to section 150.002(e) of the Texas Civil Practice and Remedies Code. Accordingly, the trial court did not abuse its discretion in doing so. Wagner's sole issue is overruled.

CONCLUSION

The trial court's order dismissing the suit filed by Robert R. Wagner and Company, LP, without prejudice is affirmed.


Patrick A. Pirtle
Justice

---

[7] These are the types of services generally performed by employees following plans or specifications that have an engineer's seal.

9