**Opinion issued April 27, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00572-CV

———————————

## IN RE COMMITMENT OF LESTER G. TALLEY

———————————

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 513958**

———————————

## DISSENTING OPINION

The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered. A right to jury trial is granted to criminal defendants in order to prevent oppression by the Government. . . . The framers of the constitutions strove to create an independent judiciary but insisted upon further protection against arbitrary action. Providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge. If the defendant preferred the common-sense judgment of a jury to the more tutored but

perhaps less sympathetic reaction of the single judge, *he was to have it.* Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges. . . . The deep commitment of the Nation to the right of jury trial . . . must . . . be respected by the States.[1]

A jury found appellant, Lester G. Talley, to be a sexually violent predator as defined in the Sexually Violent Predator Act (the "SVP" Act),[2] and the trial court, in accord with the jury finding, rendered a final judgment and an order of civil commitment. In his third issue, appellant contends that the trial court erred in granting the State a directed verdict on the issue of whether he is a "repeat sexually violent offender."[3] Because the majority errs in holding that the trial court correctly granted the State a directed verdict and, in doing so, relies on the erroneous precedent of the Beaumont Court of Appeals, I respectfully dissent.

## Right to Trial by Jury

In his third issue, appellant argues that the trial court erred in granting the State a directed verdict on the issue of whether he is a "repeat sexually violent offender" because a jury, when demanded, is "the sole determiner of whether a

---

[1] *Duncan v. Louisiana*, 391 U.S. 145, 155–56, 88 S. Ct. 1444, 1451 (1968) (emphasis added) (footnote omitted).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.001–.151 (Vernon 2010 & Supp. 2016).

[3] *See id.* § 841.003(a)(1).

2

person is a sexually violent predator," which necessarily includes a determination of whether a person is a "repeat sexually violent offender." *See* Tex. Health & Safety Code Ann. §§ 841.003(a) ("A person is a sexually violent predator . . . if the person: (1) is a repeat sexually violent offender; and (2) suffers from a behavioral abnormality . . . ."), 841.061(b) (Vernon Supp. 2016) (entitled to jury trial on demand), § 841.062(a) (Vernon 2010) ("[J]ury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator.").

Appellant correctly notes that the SVP Act expressly provides that either the State or a person accused of being a sexually violent predator is "entitled to a jury trial on demand." *Id.* § 841.061(b). The SVP Act also specifically states that the jury "shall determine whether, *beyond a reasonable doubt*, the person is a sexually violent predator." *Id.* § 841.062(a) (emphasis added). And it further provides that a "jury determination that the person is a sexually violent predator must be by unanimous verdict." *Id.* § 841.062(b).

Regardless, the majority, relying on the Texas Rules of Civil Procedure and the erroneous precedent of the Beaumont Court of Appeals,[4] holds that the trial court

---

[4] Notably, this is not an appeal that was originally filed in the Ninth Court of Appeals, Beaumont, Texas and then transferred to the First Court of Appeals, Houston, Texas. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2013) (authorizing transfer of cases); *cf. In re Commitment of Stuteville*, 463 S.W.3d 543, 556–57 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (appeal transferred from Beaumont Court of Appeals). In other words, here, we are not faced with a situation in which we are bound by the erroneous precedent of the Beaumont Court of Appeals. *See* Tex. R.

3

did not err in directing a verdict in favor of the State because "a person's status as a sexually violent offender is a legal determination appropriate for . . . directed verdict." However, this reasoning ignores the well-established meaning of the plain language of the SVP Act, which controls over our rules of civil procedure. *See id.* § 841.146(b) (Vernon Supp. 2016).

The SVP Act provides, in no uncertain terms, that a person accused of being a sexually violent predator has a statutory right to a jury trial. Appellant was "entitled to a jury trial" upon his timely "demand," and he had the right to have the jury determine, "*beyond a reasonable doubt*" that he is a sexually violent predator. *Id.* §§ 841.061(b), 841.062(a) (emphasis added). A person is considered to be a "sexually violent predator" only if it is determined that he: (1) is a *repeat sexually violent offender* and (2) suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *Id.* § 841.003(a). Such a determination "must be by unanimous verdict." *Id.* § 841.062(b).

Although the SVP Act concerns "civil" commitments, the Texas Legislature, in crafting the statute, invoked well-established and understood constitutional and criminal-law principles. Given the grave consequences at stake in a SVP Act

---

APP. P. 41.3; *In re Commitment of Stuteville*, 463 S.W.3d at 559–60 (Jennings, J., concurring) (noting Court bound by erroneous precedent of Beaumont Court of Appeals); *see also In re Commitment of Wirtz*, 451 S.W.3d 462, 463 n.1 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (in transferred appeal, transferee court must decide case in accordance with transferor court precedent).

civil-commitment proceeding, it is readily apparent that the legislature chose its words carefully, and no court is free to ignore the plain meaning of these words. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) ("We must enforce the statute 'as written' and 'refrain from rewriting text that lawmakers chose.'" (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009))). By directing the jury to find in favor of the State, the trial court usurped the fact-finding authority that the legislature has clearly assigned solely to the jury in a SVP Act civil-commitment proceeding. It, thus, violated appellant's statutory right to a trial by jury.

As noted by Justice Scalia, the right to a jury trial "embodies 'a profound judgment about the way in which law should be enforced and justice administered.'" *Carella v. California*, 491 U.S. 263, 268, 109 S. Ct. 2419, 2422 (1989) (Scalia, J., concurring) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 155, 88 S. Ct. 1444, 1451 (1968)). He explained:

> It is a structural guarantee that "reflect[s] a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges." A defendant may assuredly insist upon observance of this guarantee even when the evidence against him is so overwhelming as to establish guilt beyond a reasonable doubt. That is why the Court has found it *constitutionally impermissible* for a judge to direct a verdict for the State.

*Id.* at 268, 109 S. Ct. at 2422 (emphasis added) (citation omitted) (quoting *Duncan*, 391 U.S. at 156, 88 S. Ct. at 1451). And because "with a directed verdict, 'the

error . . . is that the wrong entity judged'" the facts, the error cannot be harmless. *Id.* at 269, 109 S. Ct. at 2423 (quoting *Rose v. Clark*, 478 U.S. 570, 578, 106 S. Ct. 3101, 3106 (1986)).

Respectfully, the majority in concluding otherwise seriously errs.[5]

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Jennings, J. dissenting.

---

[5] In reaching its holding, the majority also relies on *In re Commitment of Bohannan*, 388 S.W.3d 296 (Tex. 2012). However, the sole issue facing the Texas Supreme Court in *In re Commitment of Bohannan* was "what qualifications an expert must have to testify regarding whether a person is a sexually violent predator and therefore subject to civil commitment for outpatient treatment and supervision." 388 S.W.3d at 298. The court was not presented with the question at issue in this case, i.e., whether the trial court erred in granting the State a directed verdict on the issue of whether appellant is a "repeat sexually violent offender."