

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

October 24, 2017

The Honorable Lyle Larson
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0170

Re: Whether the term "direct recording electronic voting machine" as used in subsection 121.003(12) of the Election Code includes voting machines that produce paper ballots (RQ-0169-KP)

Dear Representative Larson:

You request an opinion concerning the meaning of the term "direct recording electronic voting machine" as used in subsection 121.003(12) of the Election Code.[1] Subsection 121.003(12) defines "direct recording electronic voting machine" as "a voting machine that is designed to allow a direct vote on the machine by the manual touch of a screen, monitor, or other device and that records the individual votes and vote totals electronically." TEX. ELEC. CODE § 121.003(12). Specifically, you ask whether the phrase "direct recording electronic voting machine" includes "electronic voting machines that also produce marked paper ballots" as an added security measure. Request Letter at 1.

You explain that certain voting systems allow voters to cast their votes on an electronic screen and also "produce a marked paper ballot that a device will read and record on an electronic storage component." *Id.* You describe the operation of these machines as "first record[ing] the voter's choices on a marked paper ballot, which the voter feeds into a device that scans and reads the ballot." *Id.* at 2. You explain that "[s]ometimes these paper ballots are fed into a physically separate device; other times the same device that marks the paper ballot also collects and reads that ballot." *Id.* at 1. After the machine records the voter's choices on the paper ballot, it records the choices "on an electronic data-storage component, whose data will be taken and tabulated at the end of voting." *Id.* at 2. The paper ballots serve as a paper recording of the electronic votes cast, providing "an additional safeguard against tampering or voting fraud." *Id.* The paper ballots are available "if needed for a future audit or recount." *Id.* at 1. You explain, however, that "they do not act as substitutes for the electronic recording of votes." *Id.* at 2. You question whether the

---

[1]*See* Letter from Honorable Lyle Larson, Chair, House Comm. on Nat. Res., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 6, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

machines as described qualify as direct recording electronic voting machines, as defined in subsection 121.003(12) of the Election Code. *Id.* at 1.

The statutory definition of "direct recording electronic voting machine" contains two requirements. TEX. ELEC. CODE § 121.003(12). First, the machine must be "designed to allow a direct vote on the machine by the manual touch of a screen, monitor, or other device." *Id.* Second, the machine must "record[] the individual votes and vote totals electronically." *Id.* The fact that the electronic voting machines you describe provide the added benefit of a marked paper ballot to better protect against voter fraud does not disqualify them as direct recording electronic voting machines. Nothing in the language of subsection 121.003(12) or elsewhere in the Election Code suggests that direct recording electronic voting machines may not also record a voter's choices on a paper ballot. *See id.* Thus, voting machines that produce marked paper ballots may qualify as direct recording electronic voting machines as long as they meet the additional statutory requirements.[2]

You indicate some of the machines you ask about require a voter to submit the marked paper ballots into a physically separate scanner and tabulator for recording. Request Letter at 2. You raise the concern that an argument could be made that these machines do not satisfy the requirements of subsection 121.003(12) because the statute implies that a direct recording electronic voting machine must constitute a single piece of equipment. *Id.* at 2–3. Thus, you ask whether "direct recording electronic voting machine" could consist of two physically separate devices that together encompass the voting machine. *Id.* at 3.

The definition of direct recording electronic voting machine does not, on its face, specify whether the machine must constitute a single piece of equipment or whether it could encompass a machine with multiple pieces of equipment that together satisfy the statutory requirements. However, the Legislature authorized direct recording electronic voting machines as a type of voting system established under Title 8 of the Election Code. *See* TEX. ELEC. CODE §§ 129.001–.057 (chapter 129, "Direct Recording Electronic Voting Machines," found in Title 8, "Voting Systems). The Legislature defined "voting system" as "a method of casting and processing votes that is designed to function wholly or partly by use of mechanical, electromechanical, or electronic apparatus and includes the procedures for casting and processing votes and the programs, operating manuals, tabulating cards, printouts, and other software necessary for the system's operation." *Id.*

---

[2]In addition to the requirements in subsection 121.003(12), a direct recording electronic voting machine "must provide the voter with a screen in summary format of the voter's choices for the voter to review before the vote is actually cast." TEX. ELEC. CODE § 129.002(a). Section 122.033 includes additional requirements for the approval of all voting systems and equipment. *Id.* § 122.033. Before any voting equipment may be used in an election, the Secretary of State must approve the equipment. *Id.* § 122.031(a); *see also id.* § 122.001(establishing the state voting system standards, including a requirement that a voting system comply with the voting system standards adopted by the federal Election Assistance Commission). While this office may opine on the legal requirements for direct recording electronic voting machines, whether a specific machine meets all voting system standards, including federal certification, such that it may be approved for use in an election, is a question for the Secretary of State in the first instance after a full inspection of the machine. *See generally id.* §§ 122.031–.039 (establishing procedures for the Secretary of State to approve voting systems and equipment); *see also id.* § 122.032(b) (authorizing the Secretary of State to prescribe specific requirements and standards for such approval).

§ 121.003(1). The Legislature's definition of "voting system" acknowledges that the system may encompass more than one single piece of equipment.

Furthermore, the Legislature defined "voting machine" as "an apparatus on which voters cast their votes, that records each vote, and that furnishes a total of the number of votes cast for the candidates and for and against the measures." *Id.* § 121.003(3). The Legislature did not define "apparatus," so we construe that term according to its common meaning. TEX. GOV'T CODE § 311.011(a) ("Words and phrases shall be . . . construed according to . . . common usage."). Courts will often look to dictionary definitions to determine a term's common, ordinary meaning. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014). Dictionary definitions of "apparatus" include "*a set* of materials or equipment designed for a particular use." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 59 (11th ed. 2004) (emphasis added); *see also* NEW OXFORD AMERICAN DICTIONARY 75 (3d ed. 2010) (defining "apparatus" as "the technical equipment or machinery needed for a particular activity or purpose"). Under these definitions, an apparatus could include more than one piece of equipment. Thus, a court would likely conclude that the Legislature did not intend to limit direct recording electronic voting machines to machines that operate using a single piece of equipment.

You also ask whether direct recording electronic voting machines that produce marked paper ballots may be used in the countywide polling place program. Request Letter at 1. The Election Code requires the Secretary of State to implement a program authorizing some counties "to eliminate county election precinct polling places and establish countywide polling places" for most elections if the county meets certain requirements. TEX. ELEC. CODE § 43.007(a). To participate in the countywide polling place program, a county must, among other requirements, use direct recording electronic voting machines. *Id.* § 43.007(d)(4). You explain that the machines that you ask about accommodate multiple ballot styles on a single device, which allows "a voter to vote in the same elections in which the voter would be entitled to vote in the county election precinct in which the voter resides," as required by law. *Id.* § 43.007(e); *see also* Request Letter at 4. As discussed above, the fact that a voting machine produces a marked paper ballot does not disqualify the machine as a direct recording electronic voting machine. Furthermore, a direct recording electronic voting machine could include multiple pieces of equipment that operate together. Thus, as long as machines meet the other requirements of direct recording electronic voting machines, counties may use them in a countywide polling place program.

## S U M M A R Y

Subsection 121.003(12) of the Election Code defines "direct recording electronic voting machine" as "a voting machine that is designed to allow a direct vote on the machine by the manual touch of a screen, monitor, or other device and that records the individual votes and vote totals electronically." Voting machines that produce marked paper ballots will qualify as direct recording electronic voting machines as long as they meet all statutory requirements.

The Legislature authorized direct recording electronic voting machines as a type of voting system established under Title 8 of the Election Code. It defined "voting system" as "a method of casting and processing votes that is designed to function wholly or partly by use of mechanical, electromechanical, or electronic apparatus," thereby acknowledging that voting systems may encompass more than a single piece of equipment. Furthermore, the Legislature defined "voting machine" in Election Code subsection 121.003(3) as "an apparatus on which voters cast their votes, that records each vote, and that furnishes a total of the number of votes cast for the candidates and for and against the measures." A common meaning of the term apparatus is "a set of materials or equipment designed for a particular use." Thus, a court would likely conclude that the Legislature did not intend to limit direct recording electronic voting machines to only those machines that operate using a single piece of equipment.

To participate in the countywide polling place program, a county must, among other requirements, use direct recording electronic voting machines. That a voting machine produces a marked paper ballot or includes multiple pieces of equipment that operate together to effectuate direct voting does not disqualify the machine from use in a countywide polling place program as long as the voting machines meet the other requirements of a direct recording electronic voting machine.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee